UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOIEN LOUZON,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

No. 09-11205

District Judge Anna Diggs Taylor

Magistrate Judge R. Steven Whalen

______________________________________ /

**OPINION AND ORDER**

Before the Court–for the second time–is Plaintiff's Motion to Compel Discovery and to Extend the Time for Discovery [Doc. #7], filed on September 11, 2009. The Sixth Circuit vacated my original order granting in part and denying in part the motion, and remanded for reconsideration. The parties have submitted supplemental briefs, and oral argument was presented on October 16, 2013. For the reasons and under the terms discussed below, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

**I. Background**

Plaintiff Moien Louzon was employed by Defendant Ford Motor Company ("Ford") as an engineer. He took an approved leave of absence to visit his family in Gaza, but due to political and security issues in the region, more specifically the closing of the border with Israel, Mr. Louzon was unable to return to the United States before his leave expired. Ford extended his leave, but that extension expired before Mr. Louzon was finally evacuated from Gaza. When he returned to work on August 31, 2007, he learned that Ford had terminated his employment.

Before the original hearing on this Motion, the Court directed the parties to meet

and confer in an attempt to narrow the issues, and to file a joint list of unresolved issues. The Joint List set forth three unresolved issues:

(1) Plaintiff's Interrogatory #7 and related Document Request #10. Interrogatory #7 asked for the identity of each employee who was terminated during the past 10 years as a voluntary "quit" for failing to return from a leave of absence. Document Request #10 asked for records of each such employee showing "name, address, telephone number, national origin, age, position at Ford, dates of leave of absence, the request for a leave of absence, communication regarding the employee's return to work, and the reason that the employee did not return to work."

(2) Plaintiff's Interrogatory #9 and related Document Request #13. Interrogatory #9 asked for the identity of each employee who was involuntarily terminated from employment as an engineer in Ford's Engineering Department from 2000 to the present. Document Request #13 sought documentation as to each such person, including national origin, date of termination and reason for termination.

(3) Plaintiff's request for an extension of the discovery deadline.

<u>Interrogatory #7 and Document Request #10</u>

The first category of discovery, seeking information about employees that were terminated for failing to return from leaves of absence, involved six people. I previously granted the motion to compel as to this category, including names, addresses and other biographical information, as well as the requested documentation. My order disposing of this motion [Doc. #14] incorporated my comments on the record, the transcript of which is found at Doc. #89. On reconsideration, I reaffirm that ruling and GRANT the Plaintiff's request for this category of discovery. Defendant shall respond to this request with any responsive information that has not already been provided, including

documentation, if any, as to the national origin of these other employees.

Interrogatory #9 and Document Request #13

I originally denied the motion to compel as to the second category–each Ford engineer that was involuntarily terminated for any reason from 2000 to the present. In its opinion, the Sixth Circuit inferred that my denial was based on the application of an erroneous legal standard that required a precise identity of Mr. Louzon's supervisor and the supervisors of the other engineers that were terminated. Of course, the Sixth Circuit was correct that under *Bobo v. United Parcel Service*, 665 F.3d 741 (6th Cir. 2012) and *McMillan v. Castro*, 405 F.3d 405 (6th Cir. 2005), the precise identity of a plaintiff's and a comparator's supervisors is not an inflexible requirement. Rather, as the Court pointed out in this case, " a court 'should make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee." *Louzon v. Ford Motor Company*, 718 F.3d 556, 563-64 (6th Cir. 2013), quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). The Court also instructed that in making the relevancy determination, "'[f]actors to consider include whether the individuals dealt with the same supervisor, were subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Louzon* at 563, quoting *Arnold v. City of Columbus*, 515 Fed.Appx. 524, 532 (6th Cir. 2013).

To be sure, the Defendant relied heavily on the "different supervisor" argument in opposing this discovery request. However, not having had the transcript of the hearing on this motion, the Sixth Circuit understandably erred in supposing that this was the basis of my ruling. It was not. Although I obviously did not cite *Bobo* or *Arnold* (which had not

been decided at the time), I in fact considered the overall relevance of the information about *all* Ford engineers who were terminated–not only what supervisor they had, but what *conduct* led to their termination.

As the Sixth Circuit pointed out in *Arnold* and *Louzon*, the similarity of the conduct is an important consideration in determining comparators in the non-protected class are similarly situated. I also considered the breadth of the request, the number of Ford engineers employed nationally, and the time-frame of the request. In view of all these facts, I found that the information requested was not sufficiently relevant within the meaning of Fed.R.Civ.P. 26(b). While another judge might have exercised his or her discretion differently, it is clear that I did not employ an incorrect legal standard. Having now reconsidered the request on remand, and with due regard to the *Bobo*, *Arnold* and *Louzon* decisions, I would come to the same conclusion. However, the issue is now moot, given Plaintiff's representation at oral argument that he is withdrawing the request. Therefore, the motion to compel with regard to this category of discovery is DENIED AS MOOT.

Extension of Time and Scope of Discovery

My decision on this issue is circumscribed by the Sixth Circuit's decision remanding the case "for reconsideration of this motion under the correct legal standard in the first instance by the district court,"[1] and by Judge Cox's Order of July 23, 2013 [Doc. #85], which provides as follows:

> "DISCOVERY is extended to allow compliance with Section IV of the Sixth Circuit Order, dated June 4, 2013, in case #11-2356. The scope of discovery is limited to that allowed by Section IV of the Order, and must be

[1] The Sixth Circuit's discussion was restricted to the substantive request for information regarding other Ford engineers, and the legal standard applicable to that request.

completed by: NOVEMBER 19, 2013."

In addition, Plaintiff's argument that he was previously unaware of facts that would have provided the basis for his request for additional discovery regarding similarly situated employees is unpersuasive. Notwithstanding Plaintiff's contention that Defendant changed its position as to who was primarily responsible for the decision to terminate him, he knew that he received a 49 day leave, and he knew that he had been away from work for more than 89 days (his combined, vacation, personal time, and leave of absence). Regardless of who made the decision to fire him, or whether his termination was pursuant to some automatic policy, Plaintiff had, from the beginning, all of the information reasonably available to make an informed discovery request for similarly situated Ford employees who were not terminated. Moreover, in my original order [Doc. #14], I granted the request to extend discovery (although not as long as Plaintiff wanted), yet Plaintiff did not seek this information during the extension.

I cannot set aside Judge Cox's July 23rd Order restricting the scope of discovery going forward. If Plaintiff believes he has cause to petition Judge Cox for an expansion of discovery, he may do so. But in the context of the motion that is before me on remand, the motion to extend and expand discovery is DENIED.

Under the terms discussed above, Plaintiff's Motion to Compel Discovery and to Extend the Time for Discovery [Doc. #7] is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: November 1, 2013

I hereby certify that a copy of the foregoing document was sent to parties of record on November 1, 2013, electronically and/or by U.S. mail.

s/Carolyn Ciesla for Michael Williams
Relief Case Manager for the Honorable
R. Steven Whalen