UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Moien Louzon,

    Plaintiff,

v.   Case No. 09-11205

Ford Motor Company,   Sean F. Cox United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

This 2009 case is currently before the Court on: 1) Plaintiff's appeal of the magistrate judge's November 1, 2013 Opinion & Order reconsidering, following remand, Plaintiff's September 11, 2009 Motion to Compel; and 2) Plaintiff's Motion To Permit Discovery. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall: 1) AFFIRM the magistrate judge's November 1, 20013 Opinion & Order; and 2) DENY AS UNTIMELY Plaintiff's Motion to Permit Discovery.

## BACKGROUND

This case, filed in 2009, has a lengthy background. The Court includes here only those background facts that are necessary for the pending matters.

This case was originally assigned to the Honorable Anna Diggs Taylor. Her original Scheduling Order provided that discovery would close on September 11, 2009. Discovery was extended until November 23, 2009, by virtue of a stipulated order. It was extended again on

1

January 12, 2010, this time until February 10, 2010. Meanwhile, there were several motions to compel discovery filed by the parties, which were all referred to Magistrate Judge R. Steven Whalen, including a September 11, 2009 Motion to Compel filed by Plaintiff. (Docket Entry No. 7).

Plaintiff's September 11, 2009 Motion to Compel sought information regarding a few discovery requests. The motion also asked the Court to extend the discovery deadline, which the magistrate judge did. He did not, however, extend discovery for as long as Plaintiff had requested.

On April 12, 2010, Defendant filed a Motion for Summary Judgment. Judge Taylor denied the motion on July 22, 2010, in an order, without issuing an Opinion.

On December 6, 2010, the case was reassigned to this Court. This Court entered a new Scheduling Order that set a final pretrial conference and trial date.

Thereafter, this Court granted a motion in limine filed by Defendant, seeking to exclude evidence and argument of non-comparable employees and ultimately granted summary judgment in favor of Defendant.

Plaintiff appealed. The Sixth Circuit reversed this Court's in-limine ruling as to evidence of Plaintiff's comparators and vacated the summary judgment ruling to Defendant on Plaintiff's age and national-origin discrimination claims. It also vacated the denial of Plaintiff's September 11, 2009 motion to compel and remanded "for further proceedings consistent with this opinion." *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013).

As to the September 11, 2009 Motion to Compel, the opinion stated that Plaintiff's appellate "brief **argues only** that the district court abused its discretion in denying his request

outlined in the September 11, 2009 motion that Ford **produce information on product engineers who were involuntarily terminated during the preceding ten years**." *Id*. at 567. (emphasis added). Thus, Plaintiff did not argue on appeal that this Court erred in not extending discovery for as long as Plaintiff would have liked, nor did he assert that he was entitled to any other discovery. The Opinion states that the basis for the magistrate judge's decision is unclear from the record (no transcripts were provided to the appellate court by the parties) and that the district court (Judge Taylor) affirmed the magistrate judge's rulings without any explanation. Nevertheless, based on argument by Defendant Ford during the appeal, the Sixth Circuit concluded that the magistrate judge must have issued his ruling because he believed Plaintiff was not entitled to discovery on individuals who were not supervised by Bailey (the supervisor who had supervised Plaintiff). The Sixth Circuit stated that "it is not a prerequisite in discrimination cases that a comparator have the same supervisor as the plaintiff" and thus restricting discovery "based on this erroneous same-supervisor requirement" amounts to an improper denial of discovery. *Id*. at 567. The opinion states that "[i]n light of the scant reasons offered by the district court for its denial of Louzon's motion, and because the only discernable characterization of either the magistrate judge or district court's ruling is a clearly erroneous statement of law, we VACATE the district court's order denying Louzon's September 11, 2009 motion to compel and REMAND for reconsideration of this motion under the correct legal standard in the first instance by the district court." *Id*.

      The mandate was issued on June 26, 2013. This Court held a Status Conference on July 22, 2013. Thereafter, this Court issued a "Scheduling Order and Order Regarding Discovery" (Docket Entry No. 85) on July 23, 2013, that stated "DISCOVERY is extended to allow

compliance with Section IV of the Sixth Circuit Order, dated June 4, 2013, in case #11-2356. The scope of discovery is limited to that allowed by Section IV of the Order, and must be completed by: NOVEMBER 19, 2013."

This Court then issued an Order of Reference to the magistrate judge for the purpose of conducting a "Status conference regarding outstanding discovery issues addressed in the Sixth Circuit Order, issued on June 3, 2013, in Case #11-2356." (Docket Entry No. 86).

This Court later issued another Order of Reference to the magistrate judge for the purpose of reconsidering the September 11, 2009 Motion to Compel as ordered by the Sixth Circuit. (Docket Entry No. 90). After that, both parties filed supplemental briefs. (Docket Entry Nos. 92 & 93).

On November 1, 2013, Magistrate Judge Whalen issued an Opinion & Order (Docket Entry No. 94) wherein he reconsidered Plaintiff's September 11, 2009 Motion to Compel and granted the motion in part and denied it in part. He reaffirmed his prior rulings granting specific requests made by Plaintiff, directing Defendant Ford to turn over any responsive information it had not already provided. (Opinion & Order at 2). As to the issue that was raised on appeal, in the Opinion & Order Magistrate Judge Whalen explains that, "not having had the transcripts" the "Sixth Circuit understandably erred in supposing" that the "different supervisor" argument was the reason why he had denied the Plaintiff's request. (*Id*. at 3). He states that he would reach the same conclusion upon reconsideration, if the issue were not moot. But he states the "issue is now moot, given Plaintiff's representation at oral argument that he is withdrawing the request. Therefore the motion to compel with regard to this category of discovery is DENIED AS MOOT." (*Id.* at 4).

4

The Opinion then goes on to address Plaintiff's request to re-open discovery. Magistrate Judge Whalen notes that his order of reference limited him to what is required by the Sixth Circuit's ruling to reconsider under the correct legal standard. He thus states that he cannot re-open discovery and if the parties wish to expand discovery they can "petition Judge Cox for an expansion of discovery." (*Id.* at 5). He does state, however, that he finds "Plaintiff's argument that he was previously unaware of facts that would have provided the basis for his request for additional discovery regarding similarly situated employees" "unpersuasive" explaining:

> Notwithstanding Plaintiff's contention that Defendant changed its position as to who was primarily responsible for the decision to terminate him, he knew that he received a 49 day leave, and he knew that he had been away from work for more than 89 days (his combined, vacation, personal time, and leave of absence). Regardless of who made the decision to fire him, or whether his termination was pursuant to some automatic policy, Plaintiff had, from the beginning, all of the information reasonably available to make an informed discovery request for similarly situated Ford employees who were not terminated. Moreover, in my original order [Doc. #14], I granted the request to extend discovery (although not as long as Plaintiff wanted), yet Plaintiff did not seek this information during the extension.

(*Id*. at 5).

Thereafter, on November 13, 2013, Plaintiff filed: 1) Objections to Magistrate Judge Whalen's November 1st Opinion & Order (Docket Entry No. 95); and 2) "Plaintiff's Motion To Permit Discovery" (Docket Entry No. 96). Defendant responded to both of those submissions in a single response brief (Docket Entry No. 97). Plaintiff also filed a Reply Brief. (Docket Entry No. 98).

5

## ANALYSIS

**A.  Plaintiff's Objections To Magistrate Judge Whalen's November 1st Opinion & Order**

Under Fed. R. Civ. P. 72, the district judge to whom the case is assigned may "modify or set aside any part of the order that is clearly erroneous or contrary to law."

Here, Plaintiff objects to two portions of Magistrate Judge Whalen's November 1st Opinion & Order:  1) the magistrate judge's "denial of an extension of time for the Plaintiff to conduct discovery for the purpose of determining the national origin of the six comparables identified by Defendant"; and 2) his "denial of an extension of time for the Plaintiff to conduct discovery regarding engineers who were returned to work after a leave of absence which extended beyond 49 days (the leave of absence received by Plaintiff), or were returned after being away from work for more than 89 days (the combined vacation, personal time, and leave of absence time received by Plaintiff)."  (Pl.'s Objs. at 1-2).

Notably, Plaintiff does not object to that portion of the Opinion & Order wherein Magistrate Judge Whalen stated that, as to the discovery requests seeking information as to each Ford engineer who was involuntarily terminated for any reasons from 2000 to the present, Plaintiff's Counsel withdrew that request at oral argument and the request was now moot.

Plaintiff's objections simply state what he wishes the magistrate judge to have ordered and asks the Court to add that on to the order the magistrate judge issued.  He does not explain how any ruling in the Opinion & Order could be considered clearly erroneous or contrary to law.  Thus, his "objections" are no more than a motion seeking to re-open discovery.

This Court shall affirm the November 1st Opinion & Order because Plaintiff has not

established that any portion of it is clearly erroneous or contrary to law. Rather, as explained below, the Opinion & Order properly analyzed all three issues it addressed.

1. **Discovery Requests Seeking National Origin Information Of Six Comparables**

On page 2, the magistrate judge addresses Plaintiff's Interrogatory Number 7 and his Document Request Number 10 – which sought name, contact information, and national origin as to those employees who were terminated during the past 10 years as a voluntary quit after failing to return from a leave (ie., the six comparables Ford had identified). Judge Whalen granted that request back on October 27, 2009, and he reaffirmed that ruling when he reconsidered the motion after the mandate. Defendant Ford responded back in 2009 that it cannot provide the national origin information for those six past employees because it does not track national origin information of its employees. (*See* Ex. 7 to Ford's Br.). Thus, Plaintiff knew back in 2009 that Defendant did not have the national origin of those prior employees. And given that the November 1st Opinion & Order reaffirms that he is granting this request by Plaintiff, and ordered Defendant to provide any responsive information it has not already produced, Plaintiff has not identified any error as to this issue.

2. **Discovery Requests Regarding All Engineers Terminated Over Past Ten Years**

These discovery requests (Interrogatory Number 9 and Document Request Number 13) are the sole focus of the Sixth Circuit's remand. But again, Magistrate Judge Whalen states that Plaintiff's Counsel withdrew those requests during oral argument on October 16, 2013, and Plaintiff does not dispute that or assert any objection to his ruling that those requests are now moot.

### 3. Plaintiff's Request To Expand Discovery

In his original order on the September 11, 2009 motion, Magistrate Judge Whalen granted Plaintiff's request to extend discovery and extended it until November 21, 2009. Thus, while he did not extend discovery for as long as Plaintiff would have liked, he granted that request when he originally ruled upon the motion.

Following remand, Plaintiff asked the magistrate judge to re-open discovery and to expand the scope of discovery. He declined to do, stating that he lacked the authority to do so given the narrow remand by the Sixth Circuit and given this Court's narrow and focused order of reference.

Magistrate Judge Whalen did not err in denying Plaintiff's new request that the Court re-open discovery.

## II. Plaintiff's Motion To Permit Discovery

Discovery in this action closed back in 2009. On appeal, the Sixth Circuit vacated this Court's summary judgment ruling. The Court further vacated the order denying Plaintiff's "September 11, 2009 motion to compel and REMAND[ED] for reconsideration of th[at] motion under the correct legal standard." The remand was limited to reconsideration of the "same supervisor" argument that the Sixth Circuit had assumed had been the basis for the magistrate judge's ruling. The Sixth Circuit did not order, or even suggest, that this Court should re-open discovery for any other purpose, other than the sole issue pertaining to the September 11, 2009 motion that Plaintiff raised in his appellate brief. (*See Louzon v. Ford supra*) (stating that Plaintiff's appellate "brief **argues only** that the district court abused its discretion in denying his request outlined in the September 11, 2009 motion that Ford **produce information on product**

8

**engineers who were involuntarily terminated during the preceding ten years**." *Id*. But upon remand, Plaintiff withdrew his discovery requests that speak to that narrow issue.

Now, some four years after discovery closed, Plaintiff asks this Court to re-open discovery to obtain discovery that was not part of the limited remand. Plaintiff asks the Court to reopen discovery for a period of 60 days so that he can obtain discovery regarding: 1) the national origin of the 6 comparable engineers named by Ford; and 2) any engineers who were returned to work after a leave of absence which extended beyond 49 days or were returned after being away from work for more than 89 days. Plaintiff claims that he was not given a fair opportunity to seek discovery as to these areas because Ford did not provide certain discovery responses to him until shortly before the discovery deadline and, in one instance, shortly after the deadline. That argument, however, ignores the obvious – the time to seek to re-open or expand discovery based on these arguments would have been back in 2009, either before or shortly after the last discovery deadline. And Plaintiff could have asked this Court to extend discovery after the case was reassigned to this Court on December 6, 2010, but he did not do so. The Court shall deny Plaintiff's Motion to Permit Discovery.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that this Court hereby AFFIRMS the magistrate judge's November 1, 2013 Opinion & Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Permit Discovery is DENIED AS UNTIMELY.

IT IS FURTHER ORDERED that the parties shall appear for a Final Pretrial Conference on **February 10, 2014, at 2:00 p.m**. The parties must submit a proposed Joint Pretrial Statement

signed by counsel for all parties, **one week prior** to the Final Pretrial Conference.  Because the main focus of the Final Pretrial Conference will be on settlement, counsel must bring their **clients** and any persons with **full settlement authority up to Plaintiff's demand** with them to the conference.

        IT IS FURTHER ORDERED that Trial in this matter shall take place on **March 4, 2014.**

        IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  January 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2014, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager