UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Moien Louzon,

    Plaintiff,

v.   Case No. 09-11205

Ford Motor Company,   Sean F. Cox
United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## ON MOTIONS IN LIMINE

This employment discrimination case is set to proceed to a jury trial on November 18, 2014. The parties have filed three motions in limine, one by Plaintiff Moien Louzon ("Plaintiff") and two by Defendant Ford Motor Company ("Defendant" or "Ford"), which were heard by this Court on November 4, 2014. This Order memorializes the Court's rulings on the motions thus far.

## BACKGROUND

This case, filed in 2009, has a lengthy background. The underlying facts are set forth in the Sixth Circuit's opinion, *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013).

Following remand, the only claims that remain in this action are those asserted in Count I of Plaintiff's Complaint, which alleges that Plaintiff was discharged because of his national origin and his age, in violation of Title VII and the Elliot-Larsen Civil Rights Act.

## ANALYSIS

**I.     "Plaintiff's Motion In Limine, And Motion To Bifurcate Trial" (Docket Entry No. 117)**

In Plaintiff's Motion in Limine (D.E. No. 117), he asks the Court to: 1) preclude Defendant from testifying, presenting exhibits, arguing, or implying that Plaintiff's termination is supported by any action engaged in by Plaintiff after the date of his termination; and 2) bifurcate trial, so that there is a trial as to liability first and then, if necessary, a trial as to damages.

In his Reply Brief filed on April 20, 2014, however, Plaintiff changed his position, stating "Plaintiff has decided to reduce his demand for damages," after considering positions taken by Defendant in the motions in limine. (Pl.'s Reply Br. at 1). Plaintiff states that he "has decided that he will not seek any damages caused after the date on which [his] employment ended at Weir SPM (September 7, 2010), with the exception of attorney fees, interest, and court costs. *Plaintiff withdraws his demand for front pay, back pay, compensatory damages for pain, suffering, humiliation, and emotional distress, and punitive damages caused after September 7, 2010.*" (*Id.* at 2) (emphasis added). At a Status Conference held on October 28, 2014, both Plaintiff's Counsel and Plaintiff confirmed, on the record, that Plaintiff does not seek any damages caused after the date on which his employment ended at Weir SPM (September 7, 2010), with the exception of attorney fees, interest, and court costs and that Plaintiff withdraws his demand for front pay, back pay, compensatory damages for pain, suffering, humiliation, and emotional distress, and punitive damages caused after September 7, 2010. (*See* 10/28/14 Hrg. Tr.). In light of Plaintiff's changed position, Plaintiff stated at the November 4, 2014 hearing that he is no longer requesting a bifurcated trial.

Plaintiff Counsel stated, however, that Plaintiff is still requesting that the Court rule that Ford is prohibited from presenting any testimony or evidence regarding Plaintiff's employment and conduct after he was terminated by Ford.

Ford responds that it has no intention of arguing that any post-termination conduct by Plaintiff supports his termination by Ford. But Ford maintains that evidence concerning Plaintiff's employment at, and termination by, Weir SPM may be relevant as to Plaintiff's alleged emotional distress damages.

As stated on the record at the hearing, the Court declines to rule on this issue prior to trial because the Court's ruling will be depend on how the proofs play out at trial. Thus, the Court denies this request without prejudice. The parties may raise this issue at trial if necessary.

**II.     Defendant's "Motion In Limine To Preclude Argument Or Introduction Of Evidence Concerning Future Damages Before The Jury" (Docket Entry No. 111)**

In Defendant's first motion, it argued that the Court first decides if any award of front pay is appropriate and the jury then determines the amount of front pay if the Court rules it is appropriate. Defendant's motion asked the Court to "enter an order reserving to itself the question of whether Plaintiff is entitled to receive monetary award for 'front pay' and precluding the introduction of any evidence or argument concerning Plaintiff's alleged future economic losses before the jury until such time as this Court has determined the propriety of such an award at the close of all proofs." (Def.'s Br. at 2).

Given that Plaintiff has since withdrawn his request for any front pay, the parties agree that this motion is now moot.

**III.    Defendant's "Motion In Limine To Exclude Inadmissible Evidence And Argument**

3

At Trial" (Docket Entry No. 112)

In this motion, Defendant asks the Court to preclude three different types of evidence: 1) evidence of warlike conditions in Gaza, an Israeli strip search, and alleged discrimination by U.S. Embassy personnel; 2) testimony and argument concerning alleged post-termination retaliation; and 3) Plaintiff's testimony regarding a so-called "culture" of age discrimination and workplace "harassment" at Ford.

As stated on the record, the Court denies this motion without prejudice. Depending on how the trial proceeds and the proofs are presented, some of this evidence may be relevant. Defendant may renew its objection to this evidence, if necessary, at trial.

## CONCLUSION & ORDER

As explained above, Plaintiff has WITHDRAWN his request for a bifurcated trial. The Court hereby ORDERS that the remainder of Plaintiff's Motion in Limine (Docket Entry No. 117) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's "Motion In Limine To Preclude Argument Or Introduction Of Evidence Concerning Future Damages Before The Jury" (Docket Entry No. 111) is DENIED AS MOOT.

IT IS FURTHER ORDERED that, as stated on the record at the November 4, 2014 hearing, Defendant's "Motion In Limine To Exclude Inadmissible Evidence And Argument At Trial" (Docket Entry No. 112) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 5, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Moien Louzon,

    Plaintiff,

v.                                   Case No. 09-11205

Ford Motor Company,         Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2014, by electronic and/or ordinary mail.

                                  S/Jennifer McCoy
                                  Case Manager